## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN ALTERNATIVE ) <br> INSURANCE COMPANY, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHOCTAW COUNTY E-911 ) <br> COMMUNICATION DISTRICT, et al., ) <br> ) <br>     Defendants. ) | CIVIL ACTION NO. <br> 05-0404-BH-C |

## ORDER

This declaratory judgment action is before the Court on a motion (Docs. 26-28) for summary judgment filed by the plaintiff, American Alternative Insurance Company ("AAIC"). AAIC seeks a declaration that it owes no duty to defend or indemnify the Choctaw County E-911 Communication District ("District"), a defendant herein, under the Commercial General Liability Insurance Policy it issued to the District for the September 1, 1998 through September 1, 2000 period, with respect to an underlying state court class action lawsuit filed on March 13, 2000 ("the Turner lawsuit"). The motion is predicated on the contention that insurance coverage is excluded because: (1) the Turner lawsuit arises out of Choctaw County's "willful violation" of a statute; and (2) the damages sought from Choctaw County in the Turner lawsuit amount to an excluded "fine" or "penalty."

Upon consideration of the motion, defendants' respective responses in opposition thereto (Docs. 31-33), AAIC's reply (Doc. 34) and all other pertinent portions of the record, the Court concludes and it is therefore **ORDERED** that AAIC's motion for summary judgment is due to be and is hereby **DENIED**.  Despite AAIC's protestations to the contrary, the Court concludes that material issues of fact exist concerning whether the claims asserted in the Turner lawsuit arose from a "willful violation" of Ala. Code § 11-98-5.  The Court further concludes that the "refund of collections" required under Ala. Code § 11-98-5 and directed by the Alabama Court of Civil Appeals does not constitute a "fine" or a "penalty" but, instead, a mere reimbursement of funds previously collected.[1]

**DONE** this 3rd day of August, 2006.

s/ W. B. Hand<br>SENIOR DISTRICT JUDGE

---

[1] It is irrelevant, in this Court's opinion, that the funds paid by the plaintiff class in the Turner lawsuit might have already been spent.  The statute merely requires a refund of those sums, however difficult the task might be.